

# City of Meriden, Connecticut
## DEPARTMENT OF LAW

**MICHAEL D. QUINN**
**CORPORATION COUNSEL**

CITY HALL
142 EAST MAIN STREET
MERIDEN, CONNECTICUT 06450
PHONE (203) 630-4045
FAX (203) 630-7907

June 10, 2020

The Honorable Kari A. Dooley
United States District Court
District of Connecticut
915 Lafayette Boulevard
Bridgeport, CT 06604

Re: United States v. Thomas Langan and Langan Insulation, LLC
Case Number: 2020R00047; Court Docket Number 20-CR-00014
Case Number: 2020R00053; Court Docket Number 20-CR-00015

Dear Judge Dooley:

Please allow this correspondence to serve as a victim impact statement which the City of Meriden requests your Honor take into consideration when sentencing the defendants in the above-referenced matters.

Meriden is a very diverse city of approximately 60,000 residents and is one of the poorest municipalities in Connecticut. Meriden's per capita income is $33,452, and it is ranked 148th out of the 169 Connecticut municipalities for pci. Accordingly, competitive bidding is especially imperative to the economically-challenged City and its taxpayers, residents and businesses alike.

The City's Purchasing Department handles the procurement of all commodities through a comprehensive request for proposal process. On April 7, 2013, Superior Mechanical System, Inc. of Wallingford, Connecticut submitted its bid for a plumbing work to be performed at the Francis T. Maloney High School. The lump sum bid was in the amount $3,820,790, and the bid denotes that "Langan" would be a trade subcontractor for the insulation work. The bid also denotes that the total cost of the insulation portion of the work was in the amount of $410,000.

It was very disturbing to learn of the defendants' violation of antitrust laws, conspiracy, and criminal behavior surrounding their insulation contracts. These transgressions and economic crimes not only violate the integrity of the City's procurement process but, ultimately, violate one of the most vulnerable populations in Connecticut. The City is grateful to the offices of the Department of Justice, Department of Defense, and the United States Attorney for steadfastly pursuing justice.

Respectfully, the City requests that the defendants be held accountable for their egregious actions perpetuated on the taxpayers of Meriden.

Thank you, your Honor, for your time and consideration.

Sincerely,

Stephanie Dellolio
City Attorney

# Yale OFFICE OF THE SENIOR VICE PRESIDENT AND GENERAL COUNSEL

ALEXANDER E. DREIER
*Senior Vice President for
Institutional Affairs, General Counsel
Senior Counselor to the President*

PO Box 208255
New Haven CT 06520-8255
T 203 432-4949
F 203 432-7960
alexander.dreier@yale.edu

*courier*
Whitney Grove Square
2 Whitney Avenue, 6th Floor
New Haven CT 06510

June 10, 2020

The Honorable Kari A. Dooley,
United States District Judge
Brien McMahon Federal Building
United States Courthouse
915 Lafayette Boulevard - Suite 266
Bridgeport, Connecticut 06604

Re: United States vs. Langan Insulation LLC, 20-CR-00015

Dear Judge Dooley:

I am writing on behalf of Yale University to emphasize the importance of enforcing U.S. antitrust laws in the above-referenced case.

The mission of Yale University is two-fold: First, Yale educates over 13,000 students in Yale College, the Graduate School of Arts & Sciences, and 12 professional schools. The majority of these students receive financial aid, and many of them pay no tuition at all. Second, Yale conducts world-class research in every area of the natural sciences, social sciences, and humanities. The importance of Yale's research is reflected in the fact that its current faculty includes four Nobel laureates. In addition, with over 10,000 employees, Yale is the largest employer in the New Haven area.

As stewards of an educational and research institution, the Yale administration makes every effort to protect the funds that the university receives from donors, granting agencies, and students because every dollar wasted is a dollar taken from financial aid, medical research, free public art galleries, and many other worthy uses. Unfortunately, Yale's best efforts are not always sufficient. When contractors collude in secret to enrich themselves at their customers' expense, carefully conceived bidding processes and contracts cannot protect us, and the resulting inflated prices can be difficult to detect. For this reason, when the federal authorities identify fraudulent behavior that distorts markets and cheats customers, it is important for the courts to impose sentences that send a clear message.

Finally, I want to emphasize that this is not a victimless crime. Yale's funds are dedicated to education and research, and when those funds are illicitly siphoned off, Yale's students, researchers, and employees are harmed. To restore those funds for their intended use, Yale requests that the Court order the restitution requested by the United States.

Thank you for considering Yale's position.

Sincerely,

[signature]



Thomas Katsouleas
President

June 17, 2020

Milosz Gudzowski, Esq.
Trial Attorney
Antitrust Division, United States Department of Justice
26 Federal Plaza, Suite 3630
New York, NY 10278

RE:  United States v. Thomas Langan
     Case Number 2020R00047 and Court Docket Number 20-CR-00014

Dear Attorney Gudzowski:

Thank you for providing this opportunity for the University of Connecticut to offer its perspective on the above-captioned case and the associated guilty plea.

As a public flagship university, UConn is dedicated to providing the highest quality education to students with a wide range of backgrounds and interests, with its campus facilities being critical to that work.

UConn and the State of Connecticut work diligently to ensure that construction of those academic spaces, research labs, student service centers, medical buildings, and other projects meet stringent standards as a way to honor our fiduciary responsibility to the state's residents.

It is incredibly disappointing to learn that the competitive bidding process, which is a bulwark of that process, was circumvented in a manner that the U.S. Department of Justice estimates inflated prices by 10 percent in certain campus projects.

While we are always cognizant of the need for fiscal caution and responsibility, this has been particularly true in recent years as resources have become increasingly constrained. UConn takes very seriously its responsibility as a steward of public funds, and expects the same from those with whom it does business.

The damage from this breach of trust is not only financial. Fraud of this type also has the potential to negate our ability to ensure that honest, conscientious

352 MANSFIELD ROAD, UNIT 1048
STORRS, CT 06269-1048
PHONE 860.486.2337
FAX 860.486.2627
www.uconn.edu

*An Equal Opportunity Employer*

companies can compete on the level playing field they expect and deserve when participating in the public bidding process.

UConn extends its sincere gratitude to the U.S. Department of Justice, the Office of the U.S. Attorney for the District of Connecticut, the FBI and its New Haven Field Office, and all other entities that worked to hold these parties accountable and seek restitution for these crimes.

Sincerely,

Thomas C. Katsouleas
President

352 MANSFIELD ROAD, UNIT 1048
STORRS, CT 06269-1048
PHONE 860.486.2337
FAX 860.486.2627
www.uconn.edu

*An Equal Opportunity Employer*

 

Stratford Town Hall, 2725 Main Street, Stratford, CT 06615
Phone: 203-385-4004 • Fax: 203-380-6743
www.townofstratford.com

OFFICE OF THE
TOWN ATTORNEY

June 25, 2020

The Honorable Kari A. Dooley
United States District Judge
Brien McMahon Federal Building
United States Courthouse
915 Lafayette Blvd-Suite266
Bridgeport, Ct.06604

RE: United States v Langan

Dear Judge Dooley:

First of all, I would like to thank the attorneys and investigators from the Department of Justice for their thorough investigation into this matter. Without their efforts the collusion which marked the Stratford High School renovation project would, undoubtedly, never have come to light to the detriment to the taxpayers who pay for this project through their payment of taxes both on the State and local levels.

Competitive bidding requirements for public construction projects are obviously meant to insure that the public obtains the best possible pricing for large scale projects of this nature. They also assist in bringing the opportunity to perform work on such projects within the spectrum of a wide range of contractors and sub-contractors, thereby promoting a fairness in awarding public contracts. However, when certain potential bidders refuse to play by the rules it prevents the goals of the competitive bidding requirement from being realized. The defendants here knew the rules when they decided to bid on the project, but apparently were not satisfied with the monies they would have earned had they had to make a truly independent bid. As a result, rather than simply declining to bid on the project, they took affirmative steps to guarantee that their ultimate financial goal would be realized, again to the economic detriment of the citizens and taxpayers of Stratford who pay for them to accomplish that financial goal.

In today's world the taxpayers share a heavy tax load, supporting as they do governments on the federal, state and local levels. The Department of Justice has calculated that as a result of the actions of the defendants the taxpayers of Stratford were caused to pay $51,000 more for this project than they should have. While that sum, when prorated across the board, does not result in a significant tax increase to each individual Stratford taxpayer, it nevertheless is an increase that should not have been incurred. Furthermore the defendants actions usurped $51,000 for this project that could have been allocated to other worthy projects within Stratford. Finally, when combined with other projects where such collusion may possibly occur, the cost to the taxpayer in the aggregate becomes staggering.

The Stratford High School project has produced a wonderful modern learning facility that, hopefully, will provide for the educational needs of Stratford students for years to come. Additionally, the quality of the work has been performed largely in a more than adequate manner. However, we must separate the quality of the work performed from the underlying corruption tainting the manner in which the contracts for the work were awarded. As such, some form of punishment commensurate with the actions involved should be meted out by the court, both as a sanction to the defendants involved here and as a message to others who would attempt to disobey the law in the future. We leave that to the court's sound discretion. However, the citizens of Stratford have been caused to pay $51,000 more than they should have and we heartily endorse the Government's position that any resolution of this matter should order those funds to be reimbursed to Stratford.

Very truly yours,

John A. Florek
Assistant Town Attorney